UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

CIVIL ACTION NO. 15-14221-RGS

DAVID KENNETH DRUMM,

v.

JOSEPH D. McDONALD, JR., ET AL.,

MEMORANDUM AND ORDER

December 28, 2015

STEARNS, D.J.

BACKGROUND

On December 24, 2015, petitioner-relator David Kenneth Drumm (Drumm), filed, through his counsel, a petition for a writ of habeas corpus under 28 U.S.C. § 2241 and paid the $5.00 filing fee.  He names as respondents: (1) Joseph D. McDonald, Jr., Plymouth County Sheriff; (2) John Gibbons, United States Marshal for the District of Massachusetts; (3) Loretta E. Lynch, Attorney General, U.S. Department of Justice; and (4) the United States of America.  Petitioner seeks to appeal Magistrate Judge Cabell's denial of bail conditions pending his extradition proceedings.[1]  *See In the Matter of the Extradition of David Kenneth Drumm*, Criminal No. 1:15-mj-01104-DLC-1; Order on Defendant's Motion for Release on Bail Pending Extradition Proceeding (Docket No. 36) issued December 10, 2015.

Specifically, Drumm contends that the decision denying release was based on factual and legal error.  He contends that he is not a danger to the community or a risk of flight and that special circumstances exist to warrant release on bail.  Further, Drumm alleges that there have

---

[1] Drumm's petition indicates that he is being sought by Ireland in connection with events in 2008 and earlier that relate to the global financial crisis. Pet. (Docket No. 1 at 5).  An extradition hearing is set for March 1, 2016 before Magistrate Judge Cabell.

been a number of unusual incidents that have created a legitimate risk of harm to him as an inmate. He claims that as a result of those risks, he has been held in solitary confinement and transferred, with no notice, to four different facilities in two states. This has substantially interfered with his ability to confer with his counsel and subjects him to continued safety risks.

Drumm seeks to reverse the decision of Magistrate Judge Cabell and remand the matter to him to fashion conditions of release on bail during the pendency of his extradition proceedings.

DISCUSSION

As an initial matter, the proper respondent in a habeas petition is petitioner's immediate custodian. See Rumsfeld v. Padilla, 542 U.S. 426, 439 (2004) (immediate custodian of petitioner is proper respondent in habeas action); Vasquez v. Reno, 233 F.3d 688, 696 (1st Cir. 2000) (same, as applied to immigration detainee). In light of this, Sheriff McDonald shall be the sole respondent in this action and all other named respondents shall be terminated from this case.[2] The Court will permit this case to proceed with service of the petition, as set forth below.

CONCLUSION

Based on the foregoing, it is hereby Ordered that:

1. Joseph D. McDonald, Jr., Sheriff of Plymouth County, shall be substituted as the sole respondent in this action.

2. The Clerk of this Court shall serve a copy of the petition upon (i) Joseph D. McDonald, Jr., 24 Long Pond Rd., Plymouth, MA 02360; and (ii) the United States Attorney for the District of Massachusetts.

---

[2] This ruling is without prejudice to any party seeking to add or substitute proper respondents, upon good cause shown.

3.The respondent shall, within seven (7) days of the <u>date</u> of this order, respond to the petition.  If the respondent opposes the petition, he must file a memorandum setting forth the facts and legal arguments in support of his opposition.

4.Courtesy copies of the petition shall be e-mailed to Assistant United States Attorneys Amy H. Burkat at <u>amy.burkart@usdoj.gov;</u> and Eric A. Forni, <u>eric.forni@usdoj.gov,</u> counsel for the United States in the extradition proceeding.

SO ORDERED.

<u>/s/ Richard G. Stearns</u>
UNITED STATES DISTRICT JUDGE